UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DEREKE A. SILVERS**                  **CIVIL ACTION NO. 09-1675**
**FED. REG. NO. 14473-074**            **SECTION P**

**VS.**

                                                                         **JUDGE MINALDI**
**JOE YOUNG**                                **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is a habeas corpus petition (28 U.S.C. § 2241) filed *in forma pauperis* on September 21, 2009, by *pro se* petitioner Dereke Silvers. At the time of filing, petitioner was an inmate in the custody of the Federal Bureau of Prisons (BOP) and was incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO).

On March 24, 2010, the court issued a memorandum order directing plaintiff to amend his deficient complaint within 40 days. [Doc. 10]. This document was returned to the court with the notation "return to sender." [Doc. 11]. The document was mailed to petitioner at the last address supplied by petitioner. [Doc.8].

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order ... ." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the District Courts." *Id.* At 629-30. See also, *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "[t]he failure of [a]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that petitioner's habeas corpus petition be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed in Chambers, Lake Charles, Louisiana on this 15th day of October, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE